# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 24-244V

|  |  |
|---|---|
| RICHARD URIAS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 13, 2025 |

*Elizabeth Hess,* Shannon Law Group, Woodridge, IL, for Petitioner.

*Irene Angelica Firippis,* U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On February 16, 2024, Richard Urias filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a Table injury – shoulder injury related to vaccine administration as a result of his October 3, 2022, influenza vaccination. Petition, ECF No. 1. On April 18, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $35,004.96 (representing $33,836.30 in fees plus $1,168.66 in costs). Motion for Attorney's Fees, filed on April 23, 2025. ECF No. 31. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred, indicating that costs were incurred by counsel and her staff. ECF No. 31 at 3.

Respondent reacted to the motion on May 7, 2025, reporting that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-4, ECF No. 32. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a minor reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for attorneys and paralegals that performed work in this matter through the end of 2024, are reasonable and consistent with our prior determinations and shall be awarded.

Petitioner has also requested that I apply the hourly rate of $475.00 for 2025 work performed by attorney Elizabeth Hess and the hourly rate of $212.00 for paralegal work performed by Ms. Hess in the same year. However, Ms. Hess was previously awarded lesser rates than requested herein ($450.00 for attorney level work and $209.00 for paralegal work performed in 2025). *See, e.g., Lawson* v. *Sec'y of Health & Human Servs.*, No. 24-0056V, Slip Op. 33 (Fed. Cl. Spec. Mstr. July 7, 2025); *Mitchell* v. *Sec'y of Health & Human Servs.*, No. 24-660V, Slip Op. 35 (Fed. Cl. Spec. Mstr. July 16, 2025). I find no reason to deviate from these determinations and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Human. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce Ms. Hess's attorney rate and the paralegal rate she applied herein for all work performed in 2025, to be consistent with *Lawson* and *Mitchell*. **Application of the foregoing reduces the amount of fees to be awarded herein by $325.10**.[3]

## ATTORNEY COSTS

Furthermore, Petitioner has requested $1,168.66 in litigation costs, comprised of obtaining medical records and the Court's filing fee. Petitioner has provided supporting documentation for all claimed costs. ECF No. 31-4. I find the requested costs reasonable and shall be awarded in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs.

---

[3] This amount is calculated as follows: ($475.00 - $450.00 = $25.00 x 12.80 hours) + ($212.00 - $209.00 = $3.00 x 1.70 hours) = $325.10.

3

I award a total of **$34,679.86 (representing $33,511.20 in fees plus $1,168.66 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.